FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 03, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ELYSIA G.,

      Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

No. 1:18-CV-03059-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

     Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 13 & 14. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C § 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

# I. Jurisdiction

Plaintiff protectively filed her application for Supplemental Security Income on January 30, 2014. AR 15, 248-53. Her amended alleged onset date of disability is January 30, 2014. AR 15, 51. Plaintiff's application was initially denied on August 6, 2014, AR 127-35, and on reconsideration on December 8, 2014, AR 140-45.

A hearing with Administrative Law Judge ("ALJ") Ilene Sloan occurred on May 31, 2017. AR 46-83. On June 28, 2017, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 15-28. The Appeals Council denied Plaintiff's request for review on February 15, 2018, AR 1-3, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on April 12, 2018. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

# II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or he is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the

national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.   Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 33 years old at the date the application was filed. AR 27, 84, 248. She has a high school education and she is able to communicate in English. AR 23, 75-76, 277. Plaintiff has past work as a gardener, housecleaner, cashier, waitress, and telemarketer. AR 27, 53, 75, 295. Plaintiff has a history of selling and using illicit substances, including methamphetamine, marijuana, and ecstasy. AR 17, 52, 61, 64.

\\

\\

## V.    The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from January 30, 2014, through the date of the ALJ's decision. AR 16, 28.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 30, 2014 (citing 20 C.F.R. § 416.971 *et seq.*). AR 17.

**At step two**, the ALJ found Plaintiff had the following severe impairments: leg length discrepancy, with degenerative arthritis and chronic osteomyelitis of the left knee (citing 20 C.F.R. § 416.920(c)). AR 17.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 22.

**At step four**, the ALJ found Plaintiff had the residual functional capacity to perform light work, except: she can stand and/or walk for three hours in an eight-hour workday; she can sit for six hours in the same period; she cannot kneel, crouch, crawl, or climb; she can occasionally balance and stoop; she cannot operate foot controls with her left leg; and she should avoid concentrated exposure to wetness, vibration, and hazards. AR 23.

The ALJ found that Plaintiff has no past relevant work. AR 27.

1    **At step five**, the ALJ found, in light of her age, education, work experience,

2    and residual functional capacity, there are jobs that exist in significant numbers in

3    the national economy that Plaintiff can perform. AR 27-28. These include small

4    products assembler, hand packager/inspector, electrical accessories assembler,

5    table worker, and document preparer. AR 28.

6                              **VI.    Issues for Review**

7        Plaintiff argues that the Commissioner's decision is not free of legal error

8    and not supported by substantial evidence. Specifically, she argues the ALJ erred

9    by: (1) failing to include medically-determinable, severe impairments at step two;

10   (2) improperly evaluating the medical opinion evidence; and (3) improperly

11   discrediting Plaintiff's subjective complaint testimony.

12                              **VII.   Discussion**

13   **A.     The ALJ did not err at step two of the sequential evaluation**

14   **process.**

15       Plaintiff contends that the ALJ erred by failing to find her to suffer from

16   medically-determinable, severe migraines and mental health impairments at step

17   two of the five-step sequential evaluation process.

18       At step two in the five-step sequential evaluation for Social Security cases,

19   the ALJ must determine whether a claimant has a medically severe impairment or

20   combination of impairments. An impairment is found to be not severe "when

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8**

medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988) (quoting SSR 85-28). Step two is generally "a de minimis screening device [used] to dispose of groundless claims." *Webb v. Barnhart*, 433 F. 683, 687 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996)).

Under step two, an impairment is not severe if it does not significantly limit a claimant's ability to perform basic work activities. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (citing 20 C.F.R. § 404.1521(a)(b)). A diagnosis from an "acceptable medical source," such as a licensed physician or certified psychologist, is necessary to establish a medically determinable impairment. 20 C.F.R. § 404.1513(d). Importantly however, a diagnosis itself does not equate to a finding of severity. *Edlund*, 253 F.3d at 1159-60 (plaintiff has the burden of proving this impairment or their symptoms affect her ability to perform basic work activities); *see also Mcleod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). An alleged impairment must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques and must be established by medical evidence not only by a plaintiff's statements regarding his symptoms. 20 C.F.R. §§ 404.1508, 416.908.

First, Plaintiff argues the ALJ should have found her to have a medically-determinable, severe impairment of migraine headaches. ECF No. 13 at 4-7. However, the ALJ appropriately addressed the incredibly limited evidence of migraines and determined that the alleged migraines are neither medically determinable nor severe. AR 17-18. Plaintiff argues that this determination by the ALJ was an error. However Plaintiff fails to point to any diagnosis in the record of migraines, or any other diagnosis that would undermine the ALJ's decision. Furthermore, Plaintiff fails to point to any alleged impairments that would affect her ability to work that result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques and that can be established by medical evidence not only by her statements regarding her symptoms.

Additionally, there is only one medical record documenting any evidence of headaches, in June 2014, where Plaintiff subjectively reported that she had been getting migraine headaches for the past three months. AR 357. The record does not contain any other evidence of headaches. To the contrary, in October and November 2016, Plaintiff denied having any headaches. AR 475, 478. Furthermore, Plaintiff testified that if she does get a migraine she just bears it, her day is typically the same with or without a migraine, and she maintains primary care and responsibility for her infant child. AR 67. The Court finds that the ALJ

did not err by not finding Plaintiff to have a medically-determinable, severe migraine headache impairment.

Second, Plaintiff contends that the ALJ erred by not finding her to have severe mental health impairments generally. ECF No. 13 at 7-10. However, Plaintiff does not allege how her purported mental health limitations are manifest or how any purported impairments would affect her ability to work. Additionally, The ALJ specifically found, based on the medical record, that Plaintiff's alleged mental health issues did not cause more than a minimal limitation in Plaintiff's ability to perform basic mental work activities. AR 18-22. The ALJ found mild limitations in understanding, remembering or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself and concluded that mental health impairments were non-severe. AR. 18-22.

In concluding that Plaintiff's mental health impairments were non-severe, the ALJ provided multiple valid reasons to support her determination. *Id*. First, the ALJ noted that the complete lack of mental health treatment or care in the record is incompatible with Plaintiff's allegations. AR 18. Including the fact that Plaintiff denied any psychiatric history in September 2014; Plaintiff routinely had normal affect and was fully oriented; Plaintiff consistently exhibited normal affect and normal speech; and Plaintiff's mood was good and she stated felt well with no

complaints. AR 376-77, 387, 391, 397, 400-01, 475-76. Second, the ALJ found

that Plaintiff's allegations are incompatible with her activities of daily living. AR

19. For example, Plaintiff's activities of daily living demonstrated that she could

tolerate regular social exposure, while being persistent with at least unskilled tasks.

AR 19. The ALJ cited evidence such as Plaintiff's ability to serve as the primary

caregiver for her infant daughter; care for multiple other children; prepare meals;

perform household chores; babysit; read; play card games and computer games; get

along with others; follow instructions; and attend NA meetings and meet with her

sponsor daily. AR 19, 61, 305-10, 357-58. Furthermore, the ALJ noted that

Plaintiff alleges her jobs in 2015 ended due to physical, as opposed to mental,

limitations. AR 19, 55. The ALJ's determination is supported by substantial

evidence in the record. The Court finds that the ALJ did not err by not finding

Plaintiff to have severe mental health limitations.

Accordingly, the Court finds the ALJ did not err in the step two analysis.

**B. The ALJ properly assessed the medical opinion evidence.**

**a. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical

providers in defining the weight to be given to their opinions: (1) treating

providers, those who actually treat the claimant; (2) examining providers, those

who examine but do not treat the claimant; and (3) non-examining providers, those

who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

**b. Mary Pellicer, MD.**

Dr. Pellicer is an examining doctor who performed a consultative examination of Plaintiff in June 2014. AR 354-61. Dr. Pellicer opined that Plaintiff could stand and walk for 1-2 hours in an 8-hour workday; sit for less than 6 hours

in an 8-hour workday; lift 5 pounds occasionally; and never stoop, crouch, crawl, kneel, or climb. AR 361.

The ALJ did not completely reject Dr. Pellicer's opinion, but afforded the opinion only minimal weight. AR 26. The ALJ provided multiple valid reasons supported by the record for discounting this opinion. *Id*. First, the ALJ noted that the opinion is inconsistent with the longitudinal record and Plaintiff's usual presentation. *Id*. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). In the case at hand, the ALJ cited the fact that Plaintiff consistently displayed normal range of motion in her lower extremities, normal steady gait, and a lack of motor or sensory deficits. AR 26, 377, 382, 387-88, 392, 398, 400-01, 422. The ALJ properly noted that although records from her prenatal treatment cite a history of remote deformity in her lower extremities, these records do not refer to any active symptoms or effects from her left leg impairment and there are simply no records where Plaintiff sought treatment for her left leg. AR 24. "Unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt on the sincerity of [a] claimant's [] testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). If a claimant's condition is not severe enough to motivate them to follow the prescribed course of treatment this is "powerful evidence" regarding the extent to which they are limited by the impairment. *Burch v.*

*Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Furthermore, there is no evidence that Plaintiff ever visited any treatment doctor due to lower extremity pain; rather, these visits document other, unrelated conditions, such as side pain (AR 375); right wrist pain (AR 381); spider bite (AR 386); dog bite (AR 390); sinus congestion (AR 396); a dental abscess (AR 418); and cold-like symptoms (AR 474). During her post-natal care, Plaintiff made no reference to any lower extremity impairment or pain symptoms, but instead reported feeling well during this treatment. AR 475, 478, 481. Plaintiff consistently presented as comfortable and in no acute distress. AR 474, 477, 479.

Next, the ALJ found that Dr. Pellicer's opinion is inconsistent with Plaintiff's actual level of ability. AR 26. This determination is supported by the record. An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Plaintiff testified that she was the primary caregiver for her seven-month-old daughter. AR 55-56. Plaintiff regularly lifted and carried her daughter, who weighed 17 pounds at the time of the hearing and more than five pounds since her birth. AR 57. Plaintiff carried her daughter in a car seat when going to appointments and walked her in a stroller and Plaintiff was responsible for bathing, diapering, solid feeding, and breastfeeding her daughter. AR 55, 57 60, 64. In addition to childcare, Plaintiff cooked, did laundry, and grocery shopped.

AR 60. The ALJ properly determined that Dr. Pellicer's opinion is inconsistent with Plaintiff's actual level of ability and daily activities.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Pellicer's opinion.

### c. Donald Williams, M.D.

Dr. Williams is an examining psychiatrist who examined Plaintiff in August 2014. AR 363-67. Dr. Williams opined that Plaintiff had marked impairments in maintaining concentration and persisting in tasks; was markedly to severely impaired in maintaining a schedule and being punctual; could not sustain an ordinary routine without special supervision; had severe impairments in completing a workday or workweek; and was unable to be aware of normal hazards. AR 367.

The ALJ did not completely reject Dr. Williams' opinion, but afforded the opinion only minimal weight. AR 20. The ALJ provided multiple valid reasons

supported by the record for discounting this opinion. *Id*. First, the ALJ noted that Dr. Williams' opinion is inconsistent with his own observations. *Id*. A discrepancy between a doctor's recorded observations and opinions is a clear and convincing reason for not relying on the doctor's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Additionally, "an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Id*. Here, the ALJ noted that besides one error with "serial 3" calculations and a "patchy" recollection of her childhood, Dr. Williams' examination did not contain any other findings to support deficits in concentration, persistence, memory, or mental activity. AR 20, 365-67. Instead, Plaintiff displayed logical thought process and normal mental associations. AR 365-67. Additionally, Dr. Williams opined that Plaintiff displayed regular behavioral extremes and an inability to be aware of normal hazards; however, Dr. Williams also found that Plaintiff was cooperative, and his exam does not otherwise contain any objective evidence of behavioral extremes or an inability to be aware of normal hazards. AR 365. Overall, Dr. Williams' detailed remarkably benign examination findings. AR 363-67. Based on the lack of supporting medical evidence to support Dr. Williams' limitations, the ALJ reasonably concluded that Dr. Williams based his conclusions on Plaintiff's subjective complaints that were discounted by the ALJ. AR 20. An ALJ may discount even a treating provider's

opinion if it is based largely on the claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

Next, the ALJ found that the limitations in Dr. Williams' opinion were also inconsistent with the longitudinal medical record. AR 20. Including the fact that Plaintiff denied any psychiatric history in September 2014; Plaintiff routinely had normal affect and was fully oriented; Plaintiff consistently exhibited normal affect and normal speech; and Plaintiff's mood was good and she stated felt well with no complaints. AR 376-77, 387, 391, 397, 400-01, 475-76. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

Lastly, the ALJ noted that Dr. Williams' opinion is inconsistent with Plaintiff's actual level of ability and daily activities. AR 20. This determination is supported by the record. An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins*, 261 F.3d at 856. Inconsistency between a physician's opinion and a claimant's daily activities is a specific and legitimate reason to discount the physician's opinion. *Ghanim*, 763 F.3d at 1162. Despite the severe limitations in Dr. Williams' opinion, Plaintiff cared for children, attended various appointment and school meetings, and performed her activities of daily living in a timely manner. AR 366-

67. Plaintiff also reported childcare duties and regular attendance at NA meetings. AR 61. In her April 2014 function report, Plaintiff reported babysitting a child three days per week, preparing his food and doing other babysitting tasks. AR 305. Plaintiff's typical day consisted of caring for her personal needs, doing household chores, and preparing meals all without issues. AR 305-06.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. Rollins, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." Molina, 674 F.3d 1104, 1111; see also Thomas, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Williams' opinion.

**C. The ALJ did not err in finding Plaintiff's subjective complaints not entirely credible.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.*

Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 23-24. The ALJ provided multiple clear and convincing reasons for discounting Plaintiff's subjective complaint testimony. AR 23-25.

First, the ALJ noted that the medical evidence does not support Plaintiff's allegations of totally disabling physical and mental limitations. AR 24-25. The ALJ

specifically noted that there were minimal objective findings during the relevant period and the great majority of them documented benign results. *Id*. Including the fact that Plaintiff denied any psychiatric history; Plaintiff routinely had normal affect and was fully oriented; Plaintiff consistently exhibited normal affect and normal speech; Plaintiff's mood was good and she stated she felt well with no complaints; and Plaintiff consistently displayed normal range of motion in her lower extremities, normal steady gait, and a lack of motor or sensory deficits. AR 26, 376-77, 382, 387-88, 391-92, 397-98, 400-01, 422, 475-76. Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

Second, the ALJ found Plaintiff's allegations of completely disabling limitations were not completely credible based on the complete lack of treatment, and lack of any attempt at obtaining treatment, for her allegedly disabling issues. AR 24-25. Here, Plaintiff's medical records only document emergency room visits were for unrelated symptoms, and routine medical care between October 2016 and January 2017, and contains no reference to any lower extremity impairment. AR 474-82. The record supports the ALJ's determination that Plaintiff has had a

complete lack of any attempts to treat some of her allegedly disabling limitations and she has not sought treatment for the remaining allegedly disabling limitations in approximately fifteen years. AR 18, 21, 24-25, 54. A claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. "Unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt on the sincerity of [a] claimant's [] testimony." *Fair*, 885 F.2d at 603. If a claimant's condition is not severe enough to motivate them to follow the prescribed course of treatment this is "powerful evidence" regarding the extent to which they are limited by the impairment. *Burch*, 400 F.3d at 681.

Third, the ALJ found Plaintiff's allegations of completely disabling limitations are belied by her daily activities. AR 25. These include Plaintiff's ability to serve as the primary caregiver for her infant daughter; care for multiple other children; prepare meals; perform household chores; shop; babysit; read; play card games and computer games; get along with others; follow instructions; and attend NA meetings and meet with her sponsor daily. AR 19, 60-61, 305-10, 357-58. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that

they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ reasonably found that Plaintiff's daily activities contradict her allegations of total disability. The record supports the ALJ's determination that Plaintiff's conditions are not as limiting as she alleges.

Lastly, the ALJ noted Plaintiff's ongoing lack of formal employment due to issues unrelated to her allegedly disabling impairments; chiefly due to the consequences of Plaintiff's criminal activity. AR 25. The fact that Plaintiff is not working for reasons other than her impairments is a sufficient basis to discredit testimony. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 14,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 3rd day of December 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge